THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN: 256535)
Cameron@sehatlaw.com
Jeffrey Mikel, Esq. (SBN: 350671)
j.mikel@sehatlaw.com
Nathalie Smith, Esq. (SBN: 334286)
n.smith@sehatlaw.com
5100 Campus Dr., Suite 200
Newport Beach, CA 92660
Telephone: (949) 825-5200

Attorneys for Elicia Essex and Kristina Essex, Individually and On Behalf Of Delbert Essex's Estate

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELICIA ESSEX, Individually and as Personal Representative of the Estate of DELBERT ESSEX, Deceased, and KRISTINA ESSEX Individually and as Personal Representative of the Estate of DELBERT ESSEX, Deceased<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF IMPERIAL, a Governmental Entity; NAPHCARE, a Delaware limited liability company; ROSEMARY DOHERTY, individually; J. ROMAN, individually and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:24-cv-00763-L-VET<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT<br><br>[Fed. R. Civ. P 12(b)(6)]<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULE<br><br>Judge: Hon. James Lrenz<br><br>Location: Dept. 5B |

# **TABLE OF CONTENTS**

I.    INTRODUCTION – FACTS……………………………………….. 5

   A.    Relevant Imperial County Sheriff's Policies……………………... 7

II.    MOTION TO DISMISS LEGAL STANDARD…………………..... 8

III.    ARGUMENT…………………………………………………………... 9

   A.    Plaintiffs have Complied with Filing Requirements……………… 9

   B.    Plaintiffs' Municipal Liability Claims Against the County for Unconstitutional Custom And Practice And Failure To Train Are Sufficiently Pled To Survive Defendant's Motion To Dismiss At This Early Stage Of Litigation…………………………………………... 10

      1. Imperial County Policies Affected Mr. Essex because he was in County Custody………………………………………………….. 10

      2. Paragraph 72 of Plaintiff's Complaint Specifies the Custom of "Failing to Train" that amounts to Deliberate Indifference…………… 11

      3. Plaintiffs have Established an Unconstitutional Custom Attributable to the County………………………………………….............................. 12

   C.    Dismissal of Plaintiff's Negligence Claim is Not Appropriate….... 15

   D.    Plaintiffs Claims Under California's Bane Act Are Sufficiently Pled. Plaintiff Need Not Show A "Threat, Intimidation Or Coercion" Independent From An Underlying Constitutional Violation……………. 16

   E.    Plaintiffs Claims Under Sections 845.6 and 844.6 are Sufficiently Pled…………………………………………………………………… 17

      1. Mr. Essex was a "Prisoner" as Defined by California Government Code Section 844……………………………………………………. 17

      2. Plaintiffs Claim for Failure to Summon Medical Care is Sufficiently Pled under Government Code Section 845.6…………….. 18

IV.    CONCLUSION………………………………………………………. 19

# TABLE OF AUTHORITIES

| CASES | PAGE(S) |
|---|---|
| *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) | **8, 12** |
| *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). | **8** |
| *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). | **13** |
| *Cornell v. City and County of San Francisco*, 225 Cal.Rptr.3d at 383 (2017). | **13** |
| *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) | **14** |
| *Estate of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019). | **13** |
| *Fox v. Cnty. of Fresno,* 170 Cal. App. 3d 1238, 1242, 216 Cal. Rptr. 879, 881 (Ct. App. 1985*).* | **15** |
| *Gordon v County of Orange* 6 F4th 961, 972 (9th Cir. 2021) quoting *Trevino v Gates*, 99 F3d 911 (9th Cir. 1996). | **13** |
| *Knappenberger v. City of Phoenix,* 566 F.3d 936, 942 (9th Cir. 2009*) (quoting Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)). | **9** |
| *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). | **9** |
| *Luttrell v. Hart,* No. 5:19-CV-07300-EJD, 2020 WL 5642613 (N.D. Cal. Sept. 22, 2020). | **16** |
| *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d at 1031. | **9** |
| *M.H. v. Cnty. of Alameda,* 62 F. Supp. 3d 1049, 1099 (N.D. Cal. 2014). quoting *Zeilman v. Cnty. of Kern,* 168 Cal.App.3d 1174, 1184, 214 Cal.Rptr. 746 (1985). | **18** |
| *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), | **13** |
| *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986). | **13** |
| *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). | **9** |
| *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). | **16** |

| | |
|---|---|
| *Wolcott v County of Orange*, 2023 WL 3984215, at p 11, (C.D. California 2023). | **13** |
| **STATUTES** | |
| Cal. Gov't Code tit. 1, D. 3.6, Pt. 2, Ch. 3, Refs & Annos (West 2012). | **17** |
| Cal. Gov. Code § 815.6. | **15** |
| Cal. Gov. Code § 820(a). | **15** |
| Cal. Gov. Code § 820.2. | **15** |
| Cal. Gov. Code § 844. | **17, 18** |
| Cal. Gov. Code § 844.6. | **18** |
| Cal. Gov. Code § 845.6. | **19** |
| **RULES** | |
| Fed. R. Civ. P 12(b)(6). | **9** |
| **OTHER** | |
| https://www.health.harvard.edu/a_to_z/diabetic-ketoacidosis-a-to-z | **6** |

## I.  INTRODUCTION - FACTS

Plaintiffs, on behalf of the Decedent, who was an inmate at the Imperial County Jail, in El Centro, California, operated by the County of Imperial, bring this action against the County of Imperial ("COUNTY"), NaphCare,("NAPHCARE"), Rosmary Doherty, J. Roman, and Defendants' custody and medical staff, DOES 1 through 10, for monetary damages for redress of the Decedent's injuries and death resulting from Defendants' deliberate indifference and reckless disregard of Delbert Essex's ("Mr. Essex") constitutional rights and liberties.

Mr. Essex was a Marine Corps veteran suffering from PTSD-like symptoms and alcoholism.

In March of 2023, he checked himself into a 45-day alcohol rehabilitation program but was unable to maintain sobriety.

On June 22, 2023 at approximately 6:28 p.m., Mr. Essex was arrested for driving under the influence by California Highway Patrol Officer J. Roman.

At the time of his arrest, Mr. Essex was visibly intoxicated. He also had his own insulin which Officer Roman confiscated.

Rosemary Doherty examined Mr. Essex upon his arrival at the Imperial County Sheriff's Office (also referred to as Imperial County Jail)[1].

Doherty's examination report notes that Mr. Essex was known to be an insulin-dependent diabetic and suffering from hypertension. Mr. Essex also had a prescription for Keppra indicating that he was suffering from a seizure disorder. She also determined that he was likely suffering from dehydration and in need of IV hydration, as well as possibly kidney and/or liver disease and cardiac issues. Mr. Essex's blood pressure was elevated at 170/84, his blood sugar dangerously

---

[1] The Imperial County Sheriff's Office has the office address listed as 328 Applestill Road El Centro, CA 92243, posted online at https://icso.imperialcounty.org/. Records from this incident refer to "Imperial County Jail" with the same address.

high at 479 dl/mg[2], and his heart rate tachycardic at 125 beats per minute. In fact, Mr. Essex's blood sugar at 479 dl/mg was so high that he was at risk of diabetic ketoacidosis. "Diabetic ketoacidosis is a potentially fatal complication of diabetes that occurs when you have much less insulin than your body needs. This problem causes the blood to become acidic and the body to become dangerously dehydrated. Diabetic ketoacidosis can occur when diabetes is not treated adequately, or it can occur during times of serious sickness."… "During an episode of ketoacidosis, it is common for blood sugar to rise to a level over 400 milligrams per deciliter." https://www.health.harvard.edu/a_to_z/diabetic-ketoacidosis-a-to-z.

Doherty determined that Mr. Essex could not be safely booked into jail without treatment and medical clearance from a hospital yet failed to take any steps to address Mr. Essex's blood sugar by administering insulin or to address his dehydration with IV hydration. She also failed to call an ambulance to transport Mr. Essex to the hospital as required per County policy and instead requested a squad car. See Request for Plaintiff's Request for Judicial Notice (filed concurrently), Exhibit A. §§ 431.11.

By failing to call an ambulance to transport Mr. Essex to the hospital as required by County policy, Defendant Doherty and custody staff including Doe 1 ignored the risk that Mr. Essex's condition would worsen before he received care at the hospital. The County employees therefore failed to abate that risk by denying EMTs the opportunity to provide Advanced Life Support (ALS) while transporting Mr. Essex directly to the hospital for care.

Instead, Defendant Roman and Imperial County Sheriff's Deputy "Doe 1" transported Mr. Essex to the hospital for his medical clearance before booking. Mr.

---

[2] In her pre-booking hospital referral, Nurse Doherty notes Mr. Essex's blood sugar at 379 dl/mg. However, in her blood sugar entry note, she accurately notes his blood sugar at 479 dl/mg. Both documents are attached to this motion as Exhibits A and B, respectively.

Essex never returned to the booking area; he was found deceased the next morning in a motel room.

### A. Relevant Imperial County Sheriff's Policies

The Imperial County Sheriff's Department has several policies covering circumstances that occurred during portions of the above-mentioned incident, which Plaintiffs have submitted in a request for judicial notice filed concurrently with this motion and which are summarized below.

The Imperial County Sheriff's Office policy number 902, titled "Temporary Custody of Adults," covers the guidelines for people taken into temporary custody by Imperial County Sheriff's Office members for processing prior to being released or transferred to housing or other facility type. The policy defines temporary custody as "the time period an adult is in custody at the Imperial County Sheriff's Office prior to being released or transported to a housing or other type of facility".

According to the policy, an individual who exhibits certain behaviors or conditions should **not be** in temporary custody at the Imperial County Sheriff's Office but should be transported to a jail or medical facility, or another type of appropriate facility. The behaviors or conditions included in the list that are relevant here are the following: (1) any individual who has a medical condition that may require medical attention, supervision, or medication while he is in temporary custody; (2) individuals who are under the influence of alcohol…or any substance to the degree that may require medical attention, or who have ingested any substance that poses a significant risk to their health, whether or not they appear intoxicated. Deputies taking custody of a person exhibiting any of the listed conditions should notify a supervisor of the situation.

Subsection 902.4 of the policy notes that to initiate temporary custody, the receiving deputy should ask the arresting deputy if there is anything about the

individual's arrest and transportation that would reasonably indicate a need for critical medical care. If any said conditions exist, the deputy should notify the Watch Commander of any conditions that warrant immediate medical attention and the Watch Commander should determine whether the individual will be placed in a cell, immediately released or transported to another facility.

Subsubsection 902.5.1 indicates that any time an individual is in temporary custody at the Imperial County Sheriff's Office, the custody should be documented in a custody log including, but not limited to, any medical screening requested and completed, and the date and time of arrival and release from the Imperial County Sheriff's Office. The Watch Commander should initial the log to approve the temporary custody and when the individual is released from custody or transferred.

Subsubsection 902.5.3 further indicates that members should comply with medical personnel's opinion as to whether an individual in temporary custody should be transported to the hospital, and if the person is transported while still in custody, he should be accompanied by a deputy. Moreover, Subsection 431.11 indicates that arrestees who appear to have a serious medical issue should be transported by ambulance, and that a deputy should not transport an arrestee without a supervisor's approval.

## II.   MOTION TO DISMISS LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Ashcroft*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. Id. However, on a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d at 1031.

A decision upon a motion to dismiss need not be made with the level of scrutiny required when deciding a summary judgment motion. Otherwise, most cases would be dismissed at the Rule 12(b) motion stage, and that is not the case. Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix,* 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

To survive a dismissal motion, a complaint need only satisfy "minimal notice pleading requirements of Rule 8(a)(2)"—"A short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). A court is generally limited to the pleadings and "must construe all factual allegations set forth in the complaint…as true and…in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### III. ARGUMENT
#### A. Plaintiffs have Complied with Filing Requirements

The first alleged issue with Plaintiffs' Complaint is that no death certificate

had been filed at the time of the Defendant's motion filing. A C.C.P. §377.2 declaration with a death certificate was filed concurrently with this motion. As such, the argument is moot.

### B. Plaintiffs' Municipal Liability Claims Against the County for Unconstitutional Custom And Practice And Failure To Train Are Sufficiently Pled To Survive Defendant's Motion To Dismiss At This Early Stage Of Litigation.

Defendant incorrectly allege that Plaintiffs' *Monell* claims fail. As to the second claim for failure to train, Defendant alleges that Plaintiffs do not state a policy, practice or custom that amounts to a deliberate indifference to constitutional rights, and even if said policy was identified, Plaintiffs do not clarify why the policy would affect Mr. Essex because he was denied admission to Imperial County Jail and not housed there. As to the third claim for unconstitutional custom or practice, Defendant alleges that Plaintiffs don't state facts to support the claim. The Court should deny Defendant's requests to dismiss the *Monell* actions because contrary to Defendant's allegations, Plaintiffs have sufficiently pled facts for both *Monell* claims; the specific facts are outlined below.

#### 1. Imperial County Policies Affected Mr. Essex because he was in County Custody.

Plaintiffs first address Defendant's argument that Imperial County policies would not have affected Mr. Essex because he was not housed in the County jail. The argument has no teeth as the complaint is filled with facts that indicate that Mr. Essex was under the County's custody and control when he was taken to Imperial County Jail and began the booking process by being evaluated by a nurse at the jail. Compl. ¶¶ 32, 34.

Moreover, Imperial County's own policy indicates that adults taken to the Imperial County Sheriff's Office for processing prior to being released or transferred to a housing or other type of facility are considered to be in "temporary custody". See Plaintiff's Request for Judicial Notice (filed concurrently), Exhibit

B. The Complaint alleges that Mr. Essex was taken to Imperial County Jail's receiving triage prior to being booked; therefore, he was considered in County custody under Imperial County's policy. Compl. ¶ 34.

Mr. Essex was equally under the custody and control of the County during any transfer to and from the jail as is clear by looking at the bottom of Nurse Doherty's referral note—attached to this motion as Exhibit A and cited in Complaint ¶ 39—in the section titled "Below is for hospital use only". It states "When the arrestee is medically screened and discharged, complete the information below for the jail's health care staff and *return the paper* in a confidential envelope *with the law enforcement officer*."(emphasis added). The language indicates that the "arrestee" (here, Mr. Essex) would be with a law enforcement official, in custody, immediately after medical discharge.

Additionally, Plaintiffs have alleged that an Imperial County deputy was actually present during Mr. Essex's transportation. Compl. ¶¶ 40-44. Indeed, Imperial County Policy requires that if a person in custody is transported to the hospital, **he should be accompanied by a deputy**. **Any release from custody should be approved by a watch commander.** *See* Plaintiff's Request for Judicial Notice (filed concurrently), Exhibit A. §§ 431.11; Exhibit B §§ 902.4, 902.5.3. Here, Nurse Doherty determined that Mr. Essex, who was in temporary custody, should be transported to the hospital. As such, he should have been accompanied by an Imperial County Deputy to the hospital, and that deputy should have received approval from a watch commander to release him from custody at the appropriate time.

In sum, Mr. Essex was in custody of the Imperial County Sheriff's Office for all intents and purposes. As such, deficient County policies, practices, or customs would have necessarily affected Mr. Essex. Defendant's arguments therefore fail.

11

### 2. Paragraph 72 of Plaintiff's Complaint Specifies the Custom of "Failing to Train" that amounts to Deliberate Indifference.

Plaintiffs have sufficiently pled all facts necessary to show the customs that relate to deliberate indifference, yet Defendants choose to ignore those facts to make their arguments.

First, Defendants point to Paragraph 71 of the complaint and claim that Plaintiffs should explain how the general policy cited therein caused the harm and amounted to deliberate indifference; in making this argument, it appears Defendants have chosen to ignore the next sentence in the complaint which states that "Defendant COUNTY and NAPHCARE had a policy of relying on medical professionals without training them on how to implement proper procedures for documenting, monitoring and assessing inmates for medical instability, and transporting medically unstable inmates to the hospital amounting to deliberate indifference". Compl. ¶ 72.  Preceding paragraph 70 makes the same accusation of reliance on Imperial County Jail nursing and deputy staff.

Simply summarized, the custom or practice amounting to deliberate indifference is failing to train staff so they are adequately prepared to effectively follow the written policies. As such, Defendant's argument regarding Plaintiffs' second claim fails.

### 3. Plaintiffs have Established an Unconstitutional Custom Attributable to the County.

Defendants allege that Plaintiffs' claims regarding County's policies and practices are vague, overly general, and legal conclusions. Defendant's argument fails because Plaintiffs' Complaint lists facts that demonstrate a long-standing practice or custom by the County.

"A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 US at 678. Courts also recognize the difficulty in

pleading sufficient facts regarding municipal liability in the early stages of litigation before parties undertake discovery. In *Wolcott v County of Orange*, the court recognized "pleading the details of a policy is impracticable at the pleading stage because a municipality's inner workings, and therefore the precise contours of its policies, are not know to the general public." *Wolcott v County of Orange*, 2023 WL 3984215, at p 11, (C.D. California 2023), citing *Estate of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019). Moreover, the court pointed out that "[a]llegations that the County's knowledge of ongoing constitutional violations and alleged approval of or failure to remedy the policies permitting such violations are more than enough to put the County on notice of the conduct the [Plaintiffs] assert caused their damages." *Wolcott,* at 11.

An unconstitutional custom, practice, or policy can be established by demonstrating a long-standing practice or custom. Liability based on custom is established based on practices of sufficient duration frequency and consistency that the conduct "has become a traditional method of carrying out policy." *Gordon v County of Orange* 6 F4th 961, 972 (9th Cir. 2021) quoting *Trevino v Gates*, 99 F3d 911 (9th Cir. 1996).

Alternatively, *Monell v. Department of Social Services of the City of New York*, articulated that municipalities and other political subdivisions of a state may be held liable where a constitutional violation is the product of inadequate training. 436 U.S. 658 (1978). The municipality's failure to train its employees to handle recurring situations presents a conscious and deliberate indifference to the rights of persons with whom the [officers] come into contact when better policies or training "is so obvious, and the inadequacy is so likely to result in the violation of constitutional rights as to be the cause in fact and proximate cause of plaintiff's harm even if based on a single violation. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986);

*Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely.")

As Defendant notes, Plaintiffs' pleading includes a list of seven *Monell* allegations; these are supported by the facts laid out in the complaint, all of which were incorporated by reference into the third claim for relief. Compl. ¶¶ 74-75(a-g). In their complaint, Plaintiffs specifically allege that "the Imperial County Jail and nursing deputy staff had not been trained adequately in monitoring, documenting, and assessing patients' acute medical conditions, and/or safely transporting medically unstable patients to the hospital" and "COUNTY…failed to train the imperial county nursing staff adequately so as to recognize the urgency with which medically unstable inmates must be transported to the hospital in light of the jail's limited medical facilities and failed to train staff in continuity of care and in safe release of inmates from custody." Compl. ¶¶ 70-71.

The failure to train was a custom that was in direct contradiction with the County's own Policy 431.2 that "all deputies and other designated members be trained to provide emergency medical aid and to facilitate an emergency medical response." See Plaintiff's Request for Judicial Notice (filed concurrently), Exhibit A. Moreover, the Complaint specifically alleges that Mr. Essex's death was a result of Defendants' actions because their failure to be properly trained resulted in his unsafe transportation and release. Compl. ¶ 73.

As such, Plaintiffs have alleged specific deficiencies in County's staff training and demonstrated how those deficiencies directly resulted in the harm suffered by Decedent. Therefore, construed in the light most favorable to Plaintiffs, there are sufficient facts that allow this court to infer that Defendant County of Imperial is liable for both unconstitutional custom practice and/or policy and for

failure to train. The Court should deny Defendant's requests to dismiss the *Monell* claims.

### C. Dismissal of Plaintiff's Negligence Claim is Not Appropriate

Defendants ask this Court to dismiss Plaintiff's negligence claims because they do not have a statutory or constitutional basis to proceed against the County.

Liability against a public entity can be established under Government Code section 815.6, which provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Cal. Gov. Code § 815.6. The term "mandatory" refers to obligatory duty which a governmental entity is required to perform, as opposed to a permissive power which a governmental entity may exercise or not as it chooses. *"Fox v. Cnty. of Fresno,* 170 Cal. App. 3d 1238, 1242, 216 Cal. Rptr. 879, 881 (Ct. App. 1985*).*

The statutory basis for liability against a public employee can be found in Section 820(a): Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person. Cal. Gov. Code § 820(a). The exception found in section 820.2 states "except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov. Code § 820.2.

In their complaint, Plaintiffs allege that County Defendants "[had]a duty to operate and manage the Imperial County Jail in a manner so as to prevent the acts and/or omissions alleged herein" and "[COUNTY DEFENDANTS] "were negligent and their conduct fell below a reasonable standard of care when they

15

failed to discharge their duties as jail deputies to Mr. Essex". Plaintiffs then describe the factual circumstances of Mr. Essex's unsafe transportation and release and assert that these circumstances resulted in his injuries and death. Accordingly, Plaintiffs have alleged the necessary facts for negligence claims under the above-mentioned Government Code Sections and ask that the Court read the Complaint as such or alternatively, grant Plaintiff leave to amend the Complaint to list the codes.

### D. Plaintiffs Claims Under California's Bane Act Are Sufficiently Pled. Plaintiff Need Not Show A "Threat, Intimidation Or Coercion" Independent From An Underlying Constitutional Violation.

Defendant requests this Court dismiss Plaintiffs' Bane Act claim because they do not believe Plaintiffs have established a constitutional violation. Additionally, Defendant alleges a pleading of deliberate indifference is insufficient for the Bane Act. Both Defendant's arguments fail because as discussed above, Plaintiff has established a claim for deliberate indifference to a substantial risk of harm to his health against both Defendant County, and case law has established that a pleading of deliberate indifference is sufficient to plead a Bane Act violation.

In *Luttrell v. Hart*, the court clarified that the Bane Act does not require the "threat, intimidation or coercion" element of the claim to be transactionally independent from the constitutional violation alleged." No. 5:19-cv-007300-EJD, 2020 WL 5642613, at *5 (N.D. Cal. Sept. 22, 2020), quoting *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018); *see also*, Complaint ¶102. Instead, the Bane Act requires that a defendant had a specific intent to violate the plaintiff's protected rights. *Id*. The *Luttrell* court further stated: "[s]pecific intent does not require a showing that a defendant knew he was acting unlawfully; "[r]eckless disregard of the 'right at issue' is all that [i]s necessary." *Id*. at 10.

Here, Plaintiffs have pled sufficient facts to support a claim that Defendants subjectively knew or should have known of his serious risks of physical harm and

16

were deliberately indifferent to those risks in violation of his constitutional rights under the Fourteenth Amendment. Specifically, Plaintiffs have alleged that "Defendants…denied Mr. ESSEX necessary healthcare that could have prevented his death. All defendants were deliberately indifferent toward Mr. ESSEX when they, **denied Mr. Essex access to his insulin after his arrest, chose not call an ambulance, and/or otherwise ensure his safe transport to a hospital for treatment**." Compl. ¶ 103 (emphasis added). Plaintiffs further allege that "Defendants intentionally and spitefully committed the above acts to deny Mr. ESSEX the necessary healthcare that could have prevented his death." Compl. ¶ 104. Accordingly, Plaintiffs' Bane Act claims have been sufficiently pled and the defendant's request to dismiss said claims should be denied.

### E.  Plaintiffs Claims Under Sections 845.6 and 844.6 are Sufficiently Pled.

Defendant argues that neither Section 845.6 or 844.6 apply here because 1) both sections require a "prisoner" and Plaintiff cannot be considered one since he was not admitted into the County jail, and 2) 845.6 provides for a failure to summon medical care but Plaintiffs' claims only amount to negligent medical care not failure to summon. Both of Defendants arguments fail.

#### 1. Mr. Essex was a "Prisoner" as Defined by California Government Code Section 844.

The defendant's argument fails because Mr. Essex was a prisoner as defined by California Government Code Section 844. California Government Code Sections 844-846 are part of Chapter 3 of the Government Code. Cal. Gov't Code tit. 1, D. 3.6, Pt. 2, Ch. 3, Refs & Annos (West 2012). California Government Code Section 844 states "[a]s used in this chapter, 'prisoner' includes an inmate of a prison, jail, or penal or correctional facility. For the purposes of this chapter, a lawfully arrested person who is brought into a law enforcement facility for the

purpose of being booked, as described in Section 7 of the Penal Code, becomes a prisoner, as a matter of law, upon his or her initial entry into a prison, jail, or penal or correctional facility, pursuant to penal processes." Cal. Gov. Code § 844.

Plaintiffs have specifically alleged that Mr. Essex was arrested for driving under the influence and subsequently taken to Imperial County Jail. Complaint ¶¶30, 32. Accordingly, he fits squarely under the definition of "prisoner" relevant to California Government Codes Sections 845.6 and 844.6 and Defendant's argument is meritless.

### 2. Plaintiffs Claim for Failure to Summon Medical Care is Sufficiently Pled under Government Code Section 845.6.

Defendant argues that Plaintiffs' claims to summon medical care are not properly pled because the facts only amount to claims for medical negligence by the nurse who assessed the decedent Mr. Essex. As Plaintiffs' claim that medical care was not summoned because Mr. Essex was not taken by ambulance to the hospital once the nurse realized there was a need for immediate medical care, and then subsequently released to a non-medical location by a County deputy who would have had to receive approval from a County Watch Commander for Mr. Essex's release per County policy, Defendant's argument fails.

Moreover, section 845.6 imposes liability for a failure to reasonably summon medical care for a serious medical need of which the defendant has actual or constructive knowledge. Cal. Gov. Code § 845.6. *M.H. v. Cnty. of Alameda*, 62 F. Supp. 3d 1049, 1099 (N.D. Cal. 2014).  "[Q]uestions about jail personnel's actual or constructive knowledge of a prisoner's need for immediate medical care as well as the reasonableness of actions taken to meet this need are factual questions." *Id*. quoting *Zeilman v. Cnty. of Kern*, 168 Cal.App.3d 1174, 1184, 214 Cal.Rptr. 746 (1985).

Plaintiffs have pled sufficient facts to proceed with the case at this time: they have established that County policy dictated personnel at the jail should have communicated with the arresting officer and each other regarding Mr. Essex's medical needs and safe transportation, which required an ambulance. The "safe" portion of the transportation failed to occur as indicated by the subsequent death of Mr. Essex. Accordingly, Defendant's request to dismiss the claim should be denied.

## IV.  CONCLUSION

For all the aforementioned reasons, Plaintiffs request that this Court deny Defendant's motion. Alternatively, if the Court grants the motion, Plaintiffs request leave to amend the Complaint.

/

/

Dated: September 5, 2024            THE SEHAT LAW FIRM, PLC

/s/ Nathalie Smith

By:   Nathalie Smith
      Cameron Sehat
      Jeffrey Mikel
      **Attorneys for Plaintiffs**

# PROOF OF SERVICE

I, the UNDERSIGNED, declare: I am employed in the County of Orange, State of California, I am over the age of eighteen years and not a party to the within-entitled action. My business address is 5100 Campus Drive, Suite 200 Newport Beach, CA 92660. On September 5, 2024, I served the foregoing document described as:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

| | |
|---|---|
| Schwartz Semerdjian Cauley Schena & Buss LLP<br>101 West Broadway, Suite 810<br>San Diego, CA 92101<br><br>Dick Semerdijan; das@sscelaw.com<br>Chad Thurston; chad@sscelaw.com<br>**Attorneys for Defendant COUNTY OF IMPERIAL and Individual Does** | ROB BONTA<br>Attorney General of California<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA  94102-7004<br><br>Jessica.Doker@doj.ca.gov<br>**Attorneys for Defendant Officer J. Roman** |
| Kelly, Trotter & Franzen<br>225 Broadway, Suite 1500<br>San Diego, CA 92101<br>Ben Cramer; bcramer@kellytrotter.com<br>Eduardo Gonzales; eggonzales@kellytrotter.com<br>**Attorneys for Defendants Doherty and WELLPATH** | |

In the following manner:
X     BY ELECTRONIC FILING (CM/ECF): I caused to be transmitted a copy of the foregoing document(s) on this date via the United States District Court's ECF System, which electronically notifies all interested parties of such filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 5, 2024 at Newport Beach, California.

                                                /s/ Nathalie Smith
                                                Nathalie Smith